Dear Superintendent Savoy:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request indicates that during a recent wind storm the roof of the gymnasium at Westlake High School was partially torn off. The wind storm blew pieces of the roof onto vehicles parked in the high school's parking lot, which resulted in damage to a number of vehicles. According to your request, some of these individuals have asked that the Calcasieu Parish School Board ("School Board") reimburse them for the cost of repair to their damaged vehicles.
Your request states that the School Board's insurance carrier has indicated that the damages incurred are not covered under the School Board's policy. You have further provided us with a copy of the School Board's legal counsel's opinion advising that the School Board is not responsible for damages caused by acts of God. On behalf of the School Board, you have asked for our opinion as to whether the School Board may reimburse, in whole or in part, students and others, whose vehicles were damaged by the recent wind storm.
Since the question presented contemplates the expenditure of public funds, an analysis under Louisiana Constitution Article VII, Section 14 is warranted. Louisiana Constitution Article VII, Section 14 provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City *Page 2 
 of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen, v. LouisianaMun. Risk Mgmt Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it has consistently been the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
Turning attention now to your proposed expenditure, the court inDuboue v. CBS Outdoor, Inc., 2008-0715 (La. App. 4 Cir. 10/1/08) addressed a matter very similar to the one at hand. In Duboue, a building owner sued an outdoor billboard company for damages allegedly caused during Hurricane Katrina. The building owner claimed that the damages were caused by the improper attachment of the billboard to the top of the building. Ultimately, the court held that the defendant billboard company put forth enough evidence to establish that the damages were caused by an act of God, rather than any negligence of the billboard company. The court subsequently dismissed the plaintiff's claims.
In our view, the proposed expenditure by the School Board would likely be considered merely gratuitous. You have not provided our office with any information that would indicate that the School Board failed to meet any duty or standard of care owed to individuals who suffered damages. Thus, it appears that the School Board would have no legal duty or obligation to repair, or otherwise compensate individuals for said damages. As a result, any expenditure of public funds as reimbursement for these damages would be merely gratuitous and would amount to a prohibited donation of public funds, as the School Board would receive nothing in value of return for such payments.[1] *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/crt
[1] In the event it is determined that the School Board does have any liability, or bears any responsibility for the damages, our analysis and conclusion would likely change.